B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Superior Air Parts, Inc. | DEFENDANTS<br>Thielert AG |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Stephen A. Roberts, Robert P. Franke, and Duane J. Brescia<br>Strasburger & Price, LLP, 600 Congress Ave., Ste. 1600<br>Austin, TX 78701 (Tel 512.499.3600) | **ATTORNEYS** (If Known)<br>Chester Salomon<br>Stevens & Lee, 485 Madison Ave., 20th Fl.<br>New York, New York 10022 (Tel. 212.537.0404) |
| **PARTY** (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance of Lien
11 USC §544

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Superior Air Parts, Inc. | | BANKRUPTCY CASE NO.<br>08-36705 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | | DIVISION OFFICE<br>Dallas Division | NAME OF JUDGE<br>Honorable Barbara J. Houser |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br><br>2/17/2009 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Stephen A. Roberts | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

STEPHEN A. ROBERTS
STATE BAR NO. 01701920
ROBERT P. FRANKE
STATE BAR NO. 07371200
DUANE J. BRESCIA
STATE BAR NO. 24025265
**STRASBURGER & PRICE, LLP**
600 CONGRESS AVE., SUITE 1600
AUSTIN, TEXAS 78701-2974
(512) 499-3600
(512) 499-3660 Fax

ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 08-36705** |
| | § | |
| **SUPERIOR AIR PARTS, INC.,** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **SUPERIOR AIR PARTS, INC.** | § | |
| | § | |
| **V.** | § | **ADVERSARY NO. _____** |
| | § | |
| **THIELERT AG** | § | |

### DEBTOR'S COMPLAINT TO AVOID LIENS
### AND SECURITY INTERESTS OF THIELERT AG

TO:    THE HONORABLE BARBARA J. HOUSER,
       UNITED STATES BANKRUPTCY JUDGE:

Superior Air Parts, Inc. ("Debtor" or "Superior") files this Complaint to Avoid Liens

and Security Interests of Thielert AG and would respectfully show the Court as follows:

### I.
### PARTIES

1.    Plaintiff Superior Air Parts, Inc. is the Debtor-in-Possession in this case.

2.    Defendant Thielert AG is the owner of all of the outstanding shares of

Superior and is a secured creditor of Superior.  Thielert AG has filed a proof of claim in

this case and may be served with process by service upon its counsel, Chester B. Salomon, Stevens & Lee, 485 Madison Avenue, 20th Floor, New York, NY 10022.

## II.
## JURISDICTION

3. This is an action to avoid an unperfected lien on property of the estate pursuant to 11 U.S.C. § 544. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. § 1408.

## III.
## BACKGROUND

5. Superior is a Texas corporation with its offices and operating facilities located in Coppell, Dallas County, Texas. On December 31, 2008, Superior filed for protection under Chapter 11 of the United States Bankruptcy Code. Superior sells Superior-brand parts for engines manufactured by Teledyne Continental Motors, Inc. and the Lycoming Engines division of Avco Corporation, a subsidiary of Textron, Inc. Superior is also an OEM for the 180-horsepower Vantage Engine and owner-built XM-360 engines for various aircraft companies. Superior is a distributor of over 2,000 general parts purchased from other manufacturers, which complement its own product line.

6. On or about February 14, 2006, Thielert AG acquired all of the outstanding shares of Superior and entered into an Assignment Agreement effective that date with PNC Bank, National Association ("PNC Bank"), RSTW Partners III L.P., Rice Mezzanine Lenders, L.P. and SP Holdings pursuant to which PNC Bank assigned to Thielert AG its right, title and interest in its Revolving Credit and Security Agreement with Superior,

dated as of May 31, 2002, and the amendments and agreement relating thereto.  At the time of the assignment, Superior's indebtedness to PNC Bank was secured by substantially all the assets of Superior, which consist solely of personal property. Upon information and belief, RSTW Partners III, L.P. contemporaneously assigned its subordinated notes to Thielert AG.

7.    Thielert filed a proof of claim in this case, asserting a secured claim in the amount of $10,146,611.11.

8.    Thielert did not attach any security agreement or evidence of perfection to its proof of claim.

9.    There is no active Uniform Commercial Code Financing Statement on file with the Texas Secretary of State, perfecting the lien of Thielert AG.

10.    Thielert AG's liens and security interests on Superior's assets are unperfected.

## IV.
## CAUSE OF ACTION – AVOIDANCE OF LIENS AND SECURITY INTERESTS

11.    The liens and security interests of Thielert AG on the property of Superior are avoidable pursuant to 11 U.S.C. § 544.

12.    A debtor operating as a Debtor-in-possession has the right to seek to avoid pre-petition liens pursuant to 11 U.S.C. §544.  *Gandy v. Gandy,* 299 F.3d 489, 497 (5th Cir. 2002).  The "strong arm powers" statue, Section 544, provides, in relevant part:

> (a)    The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the Trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that is voidable by

(i)     a creditor that extends credit to the Debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not a creditor exists; or

(ii)    a creditor that extends credit to the Debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the Debtor that is returned unsatisfied at such time, whether or not such a creditor exists; ....

11 U.S.C § 544.

13.     The extent of the Trustee's rights as a judicial lien creditor, or a creditor with execution unsatisfied, is measured by the substantive law of the jurisdiction governing the property in question. *See, e.g., In re Bridge*, 18 F.3d 195 (3rd Cir. 1994); *In re Kitchin Equip. Co. of Va., Inc.*, 960 F.2d 1242 (4th Cir. 1992); *In re Kors, Inc.*, 819 F.2d 19 (2nd Cir. 1987).

14.     Under Section 544(a)(i), the analysis is whether the holder of the security interest in the Debtor's property has taken the steps necessary under applicable law to put other potential creditors on notice of its interest by proper perfection. COLLIER ON BANKRUPTCY, Section 544.02 (Matthew Bender 2008). Section 9-317 (a)(ii) of the Uniform Commercial Codes provides that such a security interest is subordinate to the right of a "lien creditor." *Id.* (In Texas, this provision is found in Section 9.317 of the TEXAS BUSINESS AND COMMERCE CODE.) The bankruptcy trustee may also use the "strong arm clause" to avoid unperfected security interests in personal property subject to Article 9 of the UCC, *Sommers vs. IBM*, 640 F.2d 686 (5th Cir. 1981), as well as to avoid unperfected liens and security interests in real property or personal property to the extent that a judgment lien creditor may do so under applicable non-bankruptcy law.

See *In re Wheaton Oaks Office Partners Limited Partnership*, 27 F.3d 1234 (7th Cir.

1994).

15.     Subsection (a)(ii) provides that the Trustee has the right of a creditor with

a lien returned unsatisfied.  The effect of the statute is to give the Trustee the equitable

rights of a creditor who has exhausted its legal remedies.  This opens the way for

appropriate equitable relief. Collier on Bankruptcy Section 544.86

16.     Thielert AG was required to file proof of its security interest, including

evidence of perfection, if any, along with its Proof of Claim.  BANKRUPTCY RULE 3001.

Thielert AG has failed to attach to its proof of claim any evidence of a security

agreement or perfection.  Thus, Thielert AG's lien is subject to avoidance pursuant to 11

U.S.C. § 544.

WHEREFORE, Superior requests that the Court enter judgment avoiding the

liens and security interests of Thielert AG on the assets of Superior.  Superior requests

such other relief as is just.

Respectfully submitted,

*/s/ Stephen A. Roberts*

Stephen A. Roberts (SBN 17019200)
Robert P. Franke (SBN 07371200)
Duane J. Brescia (SBN 24025265)
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600 / Fax (512) 499-3643
stephen.roberts@strasburger.com
bob.franke@strasburger.com
duane.brescia@strasburger.com

**Bankruptcy Attorneys for Debtor Superior
Air Parts, Inc.**