BTXN 117a (rev. 10/02)

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Superior Air Parts, Inc. | § | |
| | § | Case No.:   08−36705−bjh11 |
| Debtor(s) | § | Chapter No.:   11 |
| | § | |
| Superior Air Parts, Inc. | § | |
| Plaintiff(s) | § | Adversary No.:   09−03052−bjh |
| vs. | § | |
| Thielert AG | § | |
| Defendant(s) | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## SUMMONS IN AN ADVERSARY PROCEEDING

To the above−named defendant:

You are hereby summoned and required to serve upon **Stephen A. Roberts**, Plaintiff's attorney (or if Plaintiff is not represented by counsel, upon Plaintiff), whose address is **Strasburger & Price, LLP**
**600 Congress Ave., Ste. 1600**
**Austin, TX 78701** , either a motion or an answer to the complaint which is now served upon you. If you elect to respond first by motion, as you may pursuant to Fed. R. Bankr. P. 7012, that governs the time within which your answer must be served. Otherwise, you are required to serve your answer upon Plaintiff's attorney (or upon Plaintiff if Plaintiff is not represented by counsel) within 30 days of the date of issuance of this summons by the clerk (or by the following date prescribed by the court: N/A) except that the United States or an office or agency thereof shall serve an answer to the complaint within 35 days after the date of issuance of the summons.

*[If this summons and complaint is served in a foreign country]* Service of your answer must be made by the following date prescribed by the court N/A.

The motion or answer served by you must be filed with this court before service or within a reasonable time after service. **IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS SUMMONS, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

DATED:  2/18/09

FOR THE COURT:
Tawana C. Marshall, Clerk of Court

by: /s/D. Peters, Deputy Clerk



In Re: Superior Air Parts, Inc. v. Thielert AG
Case No. 08−36705−bjh11 −11
Adv. No. 09−03052−bjh

# SUMMONS SERVICE EXECUTED

I, Stephen A. Roberts

of** Strasburger & Price, LLP

certify:

That I am, and at all times hereinafter mentioned was, more that 18 years of age;

That on the 18th day of February, 2009 I served a copy of the within summons, together with the complaint filed in this proceeding, on

Thielert AG

the defendant in this proceeding, by {describe here the mode of service}

U.S. First Class Mail, postage pre-paid

the said defendant at
Chester Salomon
Stevens & Lee, 485 Madison, Ave., 20th Fl.
New York, New York 10022

I certify under penalty of perjury that the foregoing is true and correct.

Executed on    2/18/09

       (Date)                              (Signature)

** Stephen A. Roberts, Strasburger & Price, LLP, 600 Congress Ave., Ste. 1600, Austin, TX  78701
   State mailing address

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Superior Air Parts, Inc. | DEFENDANTS<br>Thielert AG |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Stephen A. Roberts, Robert P. Franke, and Duane J. Brescia<br>Strasburger & Price, LLP, 600 Congress Ave., Ste. 1600<br>Austin, TX 78701 (Tel 512.499.3600) | ATTORNEYS (If Known)<br>Chester Salomon<br>Stevens & Lee, 485 Madison Ave., 20th Fl.<br>New York, New York 10022 (Tel. 212.537.0404) |
| PARTY (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Avoidance of Lien<br>11 USC §544 |
|---|

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | (other than domestic support) |
| ☒ 21-Validity, priority or extent of lien or other interest in property | ☐ 65-Dischargeability - other |
| **FRBP 7001(3) – Approval of Sale of Property** | **FRBP 7001(7) – Injunctive Relief** |
| ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | ☐ 71-Injunctive relief – imposition of stay |
|  | ☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** |  |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest** |
|  | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** |  |
| ☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment** |
|  | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** |  |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, | ☐ 01-Determination of removed claim or cause |
| actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. |
| **(continued next column)** | ☐ 02-Other (e.g. other actions that would have been brought in state court<br>if unrelated to bankruptcy case) |

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought |
|---|
|  |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Superior Air Parts, Inc. | BANKRUPTCY CASE NO.<br>08-36705 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Dallas Division | NAME OF JUDGE<br>Honorable Barbara J. Houser |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>2/17/2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stephen A. Roberts | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

STEPHEN A. ROBERTS
STATE BAR NO. 01701920
ROBERT P. FRANKE
STATE BAR NO. 07371200
DUANE J. BRESCIA
STATE BAR NO. 24025265
**STRASBURGER & PRICE, LLP**
600 CONGRESS AVE., SUITE 1600
AUSTIN, TEXAS 78701-2974
(512) 499-3600
(512) 499-3660 Fax

ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 08-36705 |
| SUPERIOR AIR PARTS, INC., | § § | Chapter 11 |
| Debtor. | § § § | |
| SUPERIOR AIR PARTS, INC. | § § | |
| V. | § § | ADVERSARY NO. _____ |
| THIELERT AG | § § § | |

## DEBTOR'S COMPLAINT TO AVOID LIENS
## AND SECURITY INTERESTS OF THIELERT AG

TO:    THE HONORABLE BARBARA J. HOUSER,
       UNITED STATES BANKRUPTCY JUDGE:

Superior Air Parts, Inc. ("Debtor" or "Superior") files this Complaint to Avoid Liens

and Security Interests of Thielert AG and would respectfully show the Court as follows:

### I.
### PARTIES

1.    Plaintiff Superior Air Parts, Inc. is the Debtor-in-Possession in this case.

2.    Defendant Thielert AG is the owner of all of the outstanding shares of

Superior and is a secured creditor of Superior.  Thielert AG has filed a proof of claim in

this case and may be served with process by service upon its counsel, Chester B. Salomon, Stevens & Lee, 485 Madison Avenue, 20th Floor, New York, NY 10022.

## II.
## JURISDICTION

3.      This is an action to avoid an unperfected lien on property of the estate pursuant to 11 U.S.C. § 544.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Venue is proper pursuant to 28 U.S.C. § 1408.

## III.
## BACKGROUND

5.      Superior is a Texas corporation with its offices and operating facilities located in Coppell, Dallas County, Texas.  On December 31, 2008, Superior filed for protection under Chapter 11 of the United States Bankruptcy Code.  Superior sells Superior-brand parts for engines manufactured by Teledyne Continental Motors, Inc. and the Lycoming Engines division of Avco Corporation, a subsidiary of Textron, Inc. Superior is also an OEM for the 180-horsepower Vantage Engine and owner-built XM-360 engines for various aircraft companies.  Superior is a distributor of over 2,000 general parts purchased from other manufacturers, which complement its own product line.

6.      On or about February 14, 2006, Thielert AG acquired all of the outstanding shares of Superior and entered into an Assignment Agreement effective that date with PNC Bank, National Association ("PNC Bank"), RSTW Partners III L.P., Rice Mezzanine Lenders, L.P. and SP Holdings pursuant to which PNC Bank assigned to Thielert AG its right, title and interest in its Revolving Credit and Security Agreement with Superior,

dated as of May 31, 2002, and the amendments and agreement relating thereto. At the time of the assignment, Superior's indebtedness to PNC Bank was secured by substantially all the assets of Superior, which consist solely of personal property. Upon information and belief, RSTW Partners III, L.P. contemporaneously assigned its subordinated notes to Thielert AG.

7.    Thielert filed a proof of claim in this case, asserting a secured claim in the amount of $10,146,611.11.

8.    Thielert did not attach any security agreement or evidence of perfection to its proof of claim.

9.    There is no active Uniform Commercial Code Financing Statement on file with the Texas Secretary of State, perfecting the lien of Thielert AG.

10.    Thielert AG's liens and security interests on Superior's assets are unperfected.

### IV.
### CAUSE OF ACTION – AVOIDANCE OF LIENS AND SECURITY INTERESTS

11.    The liens and security interests of Thielert AG on the property of Superior are avoidable pursuant to 11 U.S.C. § 544.

12.    A debtor operating as a Debtor-in-possession has the right to seek to avoid pre-petition liens pursuant to 11 U.S.C. §544. *Gandy v. Gandy,* 299 F.3d 489, 497 (5th Cir. 2002). The "strong arm powers" statue, Section 544, provides, in relevant part:

(a)    The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the Trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that is voidable by

    (i)      a creditor that extends credit to the Debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not a creditor exists; or

    (ii)     a creditor that extends credit to the Debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the Debtor that is returned unsatisfied at such time, whether or not such a creditor exists; ….

11 U.S.C § 544.

    13.    The extent of the Trustee's rights as a judicial lien creditor, or a creditor with execution unsatisfied, is measured by the substantive law of the jurisdiction governing the property in question. *See, e.g., In re Bridge*, 18 F.3d 195 (3rd Cir. 1994); *In re Kitchin Equip. Co. of Va., Inc.*, 960 F.2d 1242 (4th Cir. 1992); *In re Kors, Inc.*, 819 F.2d 19 (2nd Cir. 1987).

    14.    Under Section 544(a)(i), the analysis is whether the holder of the security interest in the Debtor's property has taken the steps necessary under applicable law to put other potential creditors on notice of its interest by proper perfection. COLLIER ON BANKRUPTCY, Section 544.02 (Matthew Bender 2008). Section 9-317 (a)(ii) of the Uniform Commercial Codes provides that such a security interest is subordinate to the right of a "lien creditor." *Id.* (In Texas, this provision is found in Section 9.317 of the TEXAS BUSINESS AND COMMERCE CODE.) The bankruptcy trustee may also use the "strong arm clause" to avoid unperfected security interests in personal property subject to Article 9 of the UCC, *Sommers vs. IBM*, 640 F.2d 686 (5th Cir. 1981), as well as to avoid unperfected liens and security interests in real property or personal property to the extent that a judgment lien creditor may do so under applicable non-bankruptcy law.

See *In re Wheaton Oaks Office Partners Limited Partnership*, 27 F.3d 1234 (7th Cir. 1994).

15.     Subsection (a)(ii) provides that the Trustee has the right of a creditor with a lien returned unsatisfied.  The effect of the statute is to give the Trustee the equitable rights of a creditor who has exhausted its legal remedies.  This opens the way for appropriate equitable relief. Collier on Bankruptcy Section 544.86

16.     Thielert AG was required to file proof of its security interest, including evidence of perfection, if any, along with its Proof of Claim.  BANKRUPTCY RULE 3001. Thielert AG has failed to attach to its proof of claim any evidence of a security agreement or perfection.  Thus, Thielert AG's lien is subject to avoidance pursuant to 11 U.S.C. § 544.

WHEREFORE, Superior requests that the Court enter judgment avoiding the liens and security interests of Thielert AG on the assets of Superior.  Superior requests such other relief as is just.

Respectfully submitted,

    /s/ Stephen A. Roberts
Stephen A. Roberts (SBN 17019200)
Robert P. Franke (SBN 07371200)
Duane J. Brescia (SBN 24025265)
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600 / Fax (512) 499-3643
stephen.roberts@strasburger.com
bob.franke@strasburger.com
duane.brescia@strasburger.com

**Bankruptcy Attorneys for Debtor Superior
Air Parts, Inc.**

BTXN 090 (rev. 03/06)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Superior Air Parts, Inc. | § | |
| | § | Case No.:   08−36705−bjh11 |
| Debtor(s) | § | Chapter No.:  11 |
| | § | |
| Superior Air Parts, Inc. | § | |
| Plaintiff(s) | § | Adversary No.:   09−03052−bjh |
| vs. | § | |
| Thielert AG | § | |
| Defendant(s) | § | |

## ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND ALTERNATIVE SCHEDULING ORDER

An adversary complaint is set for trial routinely at the time of its filing. Special settings or pretrial conferences may be scheduled by contacting the appropriate Courtroom Deputy.

**TRIAL** is set before the **Honorable Barbara J. Houser** at **1100 Commerce Street, 14th Floor, Courtroom #2, Dallas, Texas** the week of **August 10, 2009**. Docket call for this trial will be held on **August 4, 2009** at **1:15 PM** at **1100 Commerce Street, 14th Floor, Courtroom #2, Dallas, Texas**. A pretrial conference shall be scheduled by the parties at least seven (7) calendar days prior to trial docket call in a complex adversary proceeding if the parties anticipate that trial will exceed one day or if there are preliminary matters that should be addressed by the Court prior to the commencement of trial.

## PART I: INSTRUCTIONS

1. Plaintiff is responsible for ensuring that proper service is provided to each defendant. The Clerk shall issue one original summons, which shall be conformed by the plaintiff for service on multiple defendants. Federal Bankruptcy Rule 7004(e) requires you to serve the fully completed **SUMMONS** form and a copy of the **COMPLAINT** on each defendant within ten (10) days of issuance. In addition, the Court also directs that this **ORDER** *be served with the* **SUMMONS and COMPLAINT.**

2. Plaintiff shall file a **RETURN** on the **SUMMONS** with a **CERTIFICATE OF SERVICE** that provides the name and address of each party served and the manner of service.

3. If a trial setting is passed for settlement at trial docket call and no written request is filed to retain the case on the Court's docket, an automatic Dismissal Without Prejudice shall be entered on or after four (4) weeks. The Court's Trial Calendar is available on the court's web site at www.txnb.uscourts.gov.

## PART II: GENERAL PROVISIONS GOVERNING DISCOVERY

1. Unless otherwise ordered by the Court, the disclosures required by Federal Bankruptcy Rule 7026(a) shall be made within ten (10) days of the entry of a scheduling order, including the Alternative Scheduling Order contained in Part III below (which shall become effective on the forty−sixth day following the entry of this Order.

2. Unless the parties agree or the Court orders otherwise, Federal Bankruptcy Rule 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), to develop a proposed discovery plan, and to submit a proposed scheduling order. The parties shall confer with each other regarding these matters within thirty (30) days of the service of the Summons unless the Court orders otherwise.

3. During such conference, the parties may agree to waive the requirement of submitting their own proposed scheduling order and may follow the terms and deadlines contained in the Alternative Scheduling Order set forth in Part III below (the "Alternative Scheduling Order"). If the parties do not submit a proposed scheduling order or do not schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order within forty−five days of the filing of this adversary proceeding, then the parties are deemed to have consented to the terms of the Alternative Scheduling Order.

## PART III: ALTERNATIVE SCHEDULING ORDER

The Court directs compliance with the following schedule:

1. Discovery must be completed forty–five (45) days prior to Docket Call. The names and addresses of experts must be exchanged sixty (60) days prior to Docket Call.

2. A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Docket Call. All counsel (or a pro se party) are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney (or pro se party).

3. Each exhibit shall be marked with an exhibit label. Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel (or pro se party) fifteen (15) days prior to Docket Call. Each party shall also file a list of exhibits and witnesses fifteen (15) days prior to Docket Call. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

4. Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Docket Call. Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Docket Call.

5. Unless otherwise directed by the Presiding Judge, all dispositive motions must be heard no later than fifteen (15) days prior to Docket Call. Accordingly, all dispositive motions must be filed no later than forty–five (45) days prior to Docket Call, unless the Court modifies this deadline.

6. All parties and counsel must certify to full compliance with this Order at Docket Call. If a resetting is allowed by the Court, the plaintiff or plaintiff's attorney shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

7. If the case is reset, all the deadlines in Part III nos. 1 through 5 will be shifted to the newly scheduled Docket Call date in the absence of a contrary Court order.

8. Sanctions may be imposed for failure to comply with this Order.


DATED:  2/18/09                          FOR THE COURT:
                                         Tawana C. Marshall, Clerk of Court

                                         by: /s/D. Peters, Deputy Clerk