STEPHEN A. ROBERTS
STATE BAR NO. 01701920
ROBERT P. FRANKE
STATE BAR NO. 07371200
DUANE J. BRESCIA
STATE BAR NO. 24025265
**STRASBURGER & PRICE, LLP**
600 CONGRESS AVE., SUITE 1600
AUSTIN, TEXAS 78701-2974
(512) 499-3600
(512) 499-3660 Fax

ATTORNEYS FOR DEBTOR SUPERIOR AIR PARTS, INC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-36705-bjh11 |
| | § | |
| **SUPERIOR AIR PARTS, INC.,** | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | | |
| **SUPERIOR AIR PARTS, INC.** | § | |
| *Plaintiff,* | § | Adversary No. 09-03052-bjh |
| V. | § | |
| **THIELERT AG** | § | |
| *Defendant.* | | |

**PLAINTIFF'S BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Superior Air Parts, Inc. ("Superior"), Plaintiff and Debtor-in-Possession, files this Brief in Support of Motion for Summary Judgment, pursuant to Rule 56, FED. R. CIV. P., and Local Bankruptcy Rule 7056, and would respectfully show the Court as follows:

**ARGUMENTS AND AUTHORITIES**

1. A debtor operating as a Debtor-in-possession has the right to seek to avoid pre-petition liens pursuant to 11 U.S.C. § 544. *Gandy v. Gandy,* 299

*Plaintiff's Brief in Support of
Motion for Summary Judgment*                                                                Page 1 of 4
592271.1/SPA/20354/0102/040209

F.3d 489, 497 (5th Cir. 2002). The "strong arm powers" statue, Section 544, provides, in relevant part:

> (a) The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the Trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that is voidable by
>
> > (i) a creditor that extends credit to the Debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not a creditor exists; or
> >
> > (ii) a creditor that extends credit to the Debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the Debtor that is returned unsatisfied at such time, whether or not such a creditor exists; ….

11 U.S.C § 544.

2. The extent of the Trustee's rights as a judicial lien creditor, or a creditor with execution unsatisfied, is measured by the substantive law of the jurisdiction governing the property in question. *See, e.g., In re Bridge*, 18 F.3d 195 (3rd Cir. 1994); *In re Kitchin Equip. Co. of Va., Inc.*, 960 F.2d 1242 (4th Cir. 1992); *In re Kors, Inc.,* 819 F.2d 19 (2nd Cir. 1987).

3. Under Section 544(a)(i), the analysis is whether the holder of the security interest in the Debtor's property has taken the steps necessary under applicable law to put other potential creditors on notice of its interest by proper perfection. COLLIER ON BANKRUPTCY, Section 544.02 (Matthew Bender 2008). Section 9-317 (a)(ii) of the Uniform Commercial Codes provides that such a

*Plaintiff's Brief in Support of*
*Motion for Summary Judgment* Page 2 of 4
592271.1/SPA/20354/0102/040209

security interest is subordinate to the right of a "lien creditor." *Id.* (In Texas, this provision is found in Section 9.317 of the TEXAS BUSINESS AND COMMERCE CODE.) The bankruptcy trustee may also use the "strong arm clause" to avoid unperfected security interests in personal property subject to Article 9 of the UCC, *Sommers vs. IBM*, 640 F.2d 686 (5th Cir. 1981), as well as to avoid unperfected liens and security interests in real property or personal property to the extent that a judgment lien creditor may do so under applicable non-bankruptcy law. See *In re Wheaton Oaks Office Partners Limited Partnership*, 27 F.3d 1234 (7th Cir. 1994).

4. Subsection (a)(ii) provides that the Trustee has the right of a creditor with a lien returned unsatisfied. The effect of the statute is to give the Trustee the equitable rights of a creditor who has exhausted its legal remedies. This opens the way for appropriate equitable relief. Collier on Bankruptcy, § 544.86.

5. Thielert AG AG was required to file proof of its security interest, including evidence of perfection, if any, along with its Proof of Claim. BANKRUPTCY RULE 3001. Thielert AG has failed to attach to its proof of claim any evidence of perfection.

6. Thielert AG admitted in its Answer that it does not have an active Uniform Commercial Code financing statement on file with the Texas Secretary of State.

7. Thus, Thielert AG's lien is unperfected and subject to avoidance pursuant to 11 U.S.C. § 544.

*Plaintiff's Brief in Support of*
*Motion for Summary Judgment*                                                                                    Page 3 of 4
592271.1/SPA/20354/0102/040209

Respectfully submitted,

  /s/ Stephen A. Roberts
Stephen A. Roberts (SBN 17019200)
Robert P. Franke (SBN 07371200)
Duane J. Brescia (SBN 24025265)
**STRASBURGER & PRICE, LLP**
600 Congress, Suite 1600
Austin, Texas 78701
Tel. (512) 499-3600 / Fax (512) 499-3643
stephen.roberts@strasburger.com
bob.franke@strasburger.com
duane.brescia@strasburger.com

**Bankruptcy Attorneys for Debtor
Superior Air Parts, Inc.**

### CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing pleading were forwarded to the parties listed below via facsimile and U.S. mail on the 2nd day of April 2009.

Chester B. Salomon
Becker, Glynn, Melamed & Muffly LLP
299 Park Avenue - 16th Floor
New York, NY 10171
Attorney for Thielert AG
(Fax: 212-888-0255)

  /s/ Stephen A. Roberts
Stephen A. Roberts
Robert R. Franke
Duane Brescia
Attorneys for Debtor

*Plaintiff's Brief in Support of
Motion for Summary Judgment*                                                                  Page 4 of 4
592271.1/SPA/20354/0102/040209