BECKER, GLYNN, MELAMED & MUFFLY LLP
By: Chester B. Salomon (CS 2319)
299 Park Avenue
New York, New York 10171
(212) 888-3033
Attorneys for Defendant Thielert AG

UNITED STATES BANKRUPCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| SUPERIOR AIR PARTS, INC. | Chapter 11 |
| --- | --- |
| Debtor. | Case No. 08-36705 – BJH 11 |
| SUPERIOR AIR PARTS, INC.<br>Plaintiff,<br>-against-<br>THIELERT AG<br>Defendant. | Index No. 0903052 (BJH) |

**DECLARATION OF CHESTER B. SALOMON IN RESPONSE TO MOTION**

**FOR SUMMARY JUDGMENT**

BECKER, GLYNN, MELAMED & MUFFLY LLP
Attorneys for Defendant Thielert AG
299 PARK AVENUE
NEW YORK, NEW YORK 10171
(212) 888-3033

*109863v1*

Chester B. Salomon, being duly sworn, deposes and says:

Introduction

1. I am an attorney admitted to practice in the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the Court of Appeals for the Second Circuit and other Circuits, and the United States Supreme Court.

2. I am counsel to the law firm of Becker, Glynn, Melamed & Muffly LLP, attorneys for Defendant Thielert AG ("Thielert" or "Defendant") and Dr. Achim Ahrendt, Insolvency Administator for Thielert under the laws of the Federal Republic of Germany. On April 30, 2008 Thielert commenced insolvency proceedings in Hamburg, Germany. Dr. Ahrendt was appointed as Thielert's Insolvency Administrator, qualified, and is presently acting in that capacity. Similarly to a bankruptcy trustee in the United States, Dr. Ahrendt is required to expeditiously collect and reduce to money property of Theiler's insolvency estate and make distributions to creditors.

Thielert's Response To Motion For Summary Judgment

3. This affidavit is respectfully submitted in response to the Motion for Summary Judgment (the "Motion") served and filed by Plaintiff Superior Air Parts, Inc. ("Superior," "Plaintiff" or the "Debtor") on April 2, 2009 and scheduled to be heard on April 29, 2009.

*109863v1*

4. Except as indicated hereinafter, Defendant does not dispute the factual allegations set forth in the motion papers. However, in the Schedules of Assets and Liabilities (the "Schedules") filed by the Debtor on or about December 31, 2008, Thielert was listed as a secured creditor of the Debtor. Under FRE 201, the Court may take judicial notice of the Schedules and Thielert respectfully requests that the Court do so.

5. If Thielert was listed as a secured creditor in the Debtor's own Schedules, in order to prevail on the Motion and claim now that Thielert's claim is unsecured, Superior should demonstrate how it came to pass that Thielert is unsecured or otherwise state why Thielert's secured claim became an unsecured claim. In Para. 3(f) of the Motion, Superior alleges that "Thielert does not have an active Uniform Commercial Code financing statement with the Texas Secretary of State. " Something more than that conclusory statement or an allegation that Thielert's "security interest is unperfected" (See Motion at Para. 3(g)) is required.

6. Does the Debtor acknowledge that Thielert was a secured creditor at some time prior to the filing of Superior's Chapter 11 petition? Was Thielert a secured creditor on about February 14, 2006, the date that it entered into an Assignment Agreement with its predecessors, PNC Bank, National Association and others, pursuant to which PNC Bank assigned to Thielert it right, title and interest in a Revolving Credit and Security Agreement, dated May 31, 2002? See Appendix B to Motion, Debtor's Complaint, at

*109863v1*

Para. 6.  If Thielert's security interest lapsed, Plaintiff should be required to describe so as a basic element of the Motion.

*[signature]*
_____
Chester B. Salomon

Sworn to before me
this 22nd day of April, 2009.

*[signature]*
_____
Notary Public

JUSTIN S. HOLDRIDGE
Notary Public, State of New York
No. 01HO6142118
Qualified in New York County
Commission Expires 3/13/2010

*109863v1*